```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ X
UNITED STATES OF AMERICA,       :
                                :   No. 03 Cr. 1256 (JFK)
     -against-                  :   No. 16 Civ. 4407 (JFK)
                                :
JOSEPH VUKSANAJ,                :          ORDER
                                :
               Defendant.       :
------------------------------ X
```

**JOHN F. KEENAN, United States District Judge:**

On August 6, 2020, the Federal Defenders of New York, Inc., counsel for Joseph Vuksanaj on his 28 U.S.C. § 2255 habeas petition, submitted a letter requesting voluntary dismissal of Vuksanaj's pending petition without prejudice. (ECF No. 233.) The Federal Defenders' letter explained that it filed the petition in 2016 as a placeholder and without prior consultation with Vuksanaj, and it was requesting dismissal without prejudice because the action has effectively been stayed since 2016 and Vuksanaj has since been released from prison. "Given that Vuksanaj did not initiate this litigation," the Federal Defenders argued, "the placeholder should be dismissed without prejudice so he can file another petition down the road, should new law permit it, without being subjected to the onerous requirements for filing a 'second or successive' petition under § 2255(h)."

On August 7, 2020, the Government filed a letter in opposition arguing that Vuksanaj's petition should either be

1

dismissed with prejudice or denied on the merits because, the Government argues, Vuksanaj seeks dismissal to avoid denial of his petition under clear Second Circuit precedent. (ECF No. 234.) Accordingly, the Government argues, Vuksanaj should not be permitted to evade § 2255(h) by obtaining a dismissal without prejudice of a meritless petition.

On August 9, 2020, the Federal Defenders filed a letter in further support of their request for dismissal without prejudice arguing that the Government's reliance on Thai v. United States, 391 F.3d 491 (2d Cir. 2004) (per curiam), was inapposite because Vuksanaj has not had "one full opportunity" for § 2255 relief: here, Vuksanaj was not consulted before the placeholder petition was filed, the petition was never meaningfully pursued, and Vuksanaj completed his prison sentence before the petition was even litigated. (ECF No. 235.)

The Court agrees with the Federal Defenders. Accordingly, Vuksanaj's placeholder petition is DISMISSED WITHOUT PREJUDICE. However, as in a similar case in this District, the Court is not "ruling upon whether [Vuksanaj]'s future claims or petitions would be meritorious, or would or would not be considered by a court to be a 'second and successive petition' within the meaning of § 2255." United States v. Harrell, No. 13 Cr. 416 (RMB), 2020 WL 209000, at *3 (S.D.N.Y. Jan. 14, 2020).

**SO ORDERED.**

Dated:   New York, New York
         September 29, 2020

_____
John F. Keenan
United States District Judge

3